

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

THOMAS M. HURST, an individual,

Plaintiff - Appellant,

v.

FALCON AIR EXPRESS
INCORPORATED, a Florida Corporation,

Defendant - Appellee.

No. 14-16108

D.C. No. 2:13-cv-00256-SRB

MEMORANDUM*

Appeal from the United States District Court
for the District of Arizona
Susan R. Bolton, District Judge, Presiding

Submitted May 12, 2016**
San Francisco, California

Before: NOONAN, WARDLAW, and PAEZ, Circuit Judges.

Thomas Hurst ("Hurst") appeals the district court's grant of summary

judgment in favor of Appellee Falcon Air Enterprises, Inc. ("Falcon") on all of

Hurst's claims.  We affirm.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

**1.**     The district court did not err in granting judgment in favor of Falcon on Hurst's claim of disability discrimination under the Americans with Disabilities Act, 42 U.S.C. § 12112.  Hurst failed to raise a triable issue of fact that he is disabled due to his heart conditions or the side effects from his medications.  Thus, he did not make out a prima facie case of disability discrimination.  *See Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999).

**2.**     Nor did the district court err in granting judgment in favor of Falcon on Hurst's claim of religious discrimination under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.  As the district court noted, Falcon fully accommodated Hurst's request not to work on Sundays.  Hurst did not work a Sunday from the time he notified management of his religious beliefs until his termination.

**3.**     Finally, the district court correctly rejected Hurst's retaliation claim.  Although Hurst was terminated only weeks after he filed his discrimination charge with the Equal Employment Opportunity Commission, there is no evidence that the managers responsible for firing Hurst were aware of his protected activity at the time they made their decision.  Therefore, Hurst failed to raise a triable issue of fact as to whether his termination was retaliatory.  *See Cohen v. Fred Meyer*, 686 F.2d 793, 797 (9th Cir. 1982).

   **AFFIRMED.**